|   |   |
|---|---|
| **IN THE UNITED STATES DISTRICT COURT** | |
| **FOR THE DISTRICT OF ALASKA** | |

MATTHEW FOY,

                  Plaintiff,

    v.

STATE OF ALASKA, DEPARTMENT OF CORRCETIONS et al.,

                  Defendants.

Case No. 3:23-cv-00039-SLG-KFR

**SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

Plaintiff's Complaint alleging violations under 42 U.S.C. § 1983 fails to meet the pleading requirements for § 1983 claims. Accordingly, the Court orders that Plaintiff's Complaint be **DISMISSED**. However, the Court grants Plaintiff leave to amend his complaint consistent with the instructions contained in this Order.

**I.**    **Procedural History**

On February 23, 2023, Matthew Foy, a self-represented prisoner[1] (hereinafter "Plaintiff"), filed a Civil Cover Sheet and a Prisoner's Complaint against the State of Alaska, Department of Corrections, and two John Doe Corrections Officers alleging violations of the Civil Rights Act, 42 U.S.C. § 1983 (hereinafter "Complaint").[2] Defendants filed a Notice of Appearance and a Motion requesting a Screening Order.[3]

The Court now screens Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A.

//

//

---

[1] The Court notes that Plaintiff states on page one of his Complaint that he is filing "by and through undersigned counsel;" however, there is no other indication that Plaintiff has any counsel of record. Therefore, the Court treats Plaintiff as *pro se*.

[2] Docs. 1-2.

[3] Docs. 3-5.

**SCREENING REQUIREMENT**

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner. In this screening, a court shall dismiss the case at any time if the court determines that the action:

      (i)     is frivolous or malicious;

      (ii)    fails to state a claim on which relief may be granted; or

      (iii)   seeks monetary relief against a defendant who is immune from such relief.[4]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[5] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[6]

Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[7] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency[.]"[8]

//

//

---

[4] 28 U.S.C. § 1915A.

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[6] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[7] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[8] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

# DISCUSSION

## II. Complaint

Plaintiff's Complaint provides an overly extensive narrative that is difficult to parse. More importantly, it does not meet the pleading requirements for § 1983 claims. Therefore, the Court dismisses Plaintiff's Complaint with leave to amend. The Court provides additional instruction as to claims Plaintiff may be attempting to raise based on the Court's reading of his Complaint and other filings.

Plaintiff is a pre-trial detainee at Anchorage Correctional Complex-East.[9] Plaintiff cites Defendants as the State of Alaska, acting through its Department of Corrections (DOC), and two individual John Doe Defendants, who Plaintiff claims were employed by DOC and were responsible for overseeing inmates, including Plaintiff, who was "housed in Booking Cell C."[10] Plaintiff generally claims Defendants violated his rights under the Eighth "and/or" Fourteenth Amendments of the United States Constitution.[11]

Plaintiff broadly alleges that he was housed in unsanitary, inhumane, and torturous conditions, that he suffered from frostbite, and was denied medical treatment.[12] Plaintiff complains that he was not given any hot meals for the first three days in confinement, was not informed why he was being confined, nor was he permitted to make a phone call.[13] Plaintiff also claims he filed grievances regarding this conduct with the jail, as well as an "Ombudsman Complaint," which Plaintiff alleges is "ongoing."[14] Plaintiff further contends that he was only removed from "Booking Cell C" after he disabled a "camera mounted on the ceiling, at which point [his] jailers opened the tray slot, pepper sprayed [him] and removed [him]."[15]

---

[9] Doc. 1 at 2-3.
[10] *Id.*
[11] *Id.* at 2-6.
[12] *Id.* at 3.
[13] *Id.* at 3-4.
[14] *Id.* at 4.
[15] *Id.*

1    In Claim One, Plaintiff faults Defendants for violating his "8th and/or 14th amendment[]" rights by acting with "deliberate indifference and/or reckless indifference" and "deliberately disregard[ing], ignore[ing], fail[ing] to treat and/or prevent[] complete diagnoses and treatment" for his frostbite."[16] Additionally, Plaintiff claims Defendants "subjected [him] to torturous conditions, including sleep deprivation and hunger, and placed [him] in a cell for three days without a working toilet and disgustingly unhygienic conditions."[17] Plaintiff further states that Defendants "have a policy or custom of deliberately disregarding prisoners' objectively serious medical needs, food needs and subjecting prisoners, such as Plaintiff, to inhumane and torturous conditions."[18]

In Claim Two, Plaintiff relies on the previous facts he provided to fault Defendants for not exercising the duty of care "ordinarily exercised under the circumstances, by jails and healthcare providers in the field of defendants' employees."[19]

Plaintiff demands a trial by jury and seeks a declaratory judgment, as well as punitive, compensatory, and general damages against all Defendants.[20] Plaintiff also requests "other relief which may be authorized under other causes of action" and for the Court to award other relief as the Court deems appropriate.[21]

//
//
//
//
//
//

---

[16] *Id.* at 5.
[17] *Id.*
[18] *Id.*
[19] *Id.* at 7.
[20] *Id.*
[21] *Id.*

Screening Order
*Foy v. State of Alaska, et al.*
3:23-cv-00039-SLG-KFR

4

## III. Legal Standards

### A. Civil Rights Claims Under 42 U.S.C. § 1983

#### i. Elements of § 1983 Claim

Section 1983 is a federal statute that "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[22] Constitutional rights are those conferred by the United States Constitution to individual citizens. Section 1983 can be used as a mechanism for enforcing the rights guaranteed by a particular federal statute only if (1) the statute creates enforceable rights and (2) Congress has not foreclosed the possibility of a § 1983 remedy for violations of the statute in question.[23] Section 1983 does not provide a cause of action for violations of state law.[24] In order to plead a proper § 1983 claim, a plaintiff must allege plausible facts that if proven would establish each of the required elements of: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law."[25]

#### ii. Analysis

Section 1983 requires that a defendant must be "acting under the color of state law."[26] The question of whether a person who has allegedly caused a constitutional injury was acting under the color of state law is a factual determination.[27] A defendant has acted under color of state law where he or she has "exercised power

---

[22] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979))
[23] *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997); *see also Dittman v. California*, 191 F.3d 1020, 1027-28 (9th Cir. 1999).
[24] *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).
[25] *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).
[26] *West v. Atkins*, 487 U.S. 42, 49 (1988).
[27] *See Brunette v. Humane Soc'y of Ventura Cty.*, 294 F.3d 1205, 1209 (9th Cir. 2002).

'possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[28]

This essential element of the statute limits who may be a proper defendant under § 1983. For instance, private citizens, state governmental agencies, and states are generally not proper defendants in a § 1983 action.[29] States have sovereign immunity pursuant to the Eleventh Amendment of the Constitution, which makes them immune from suit unless that immunity is waived.[30] "States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes" are not 'persons' under [§] 1983."[31]

In this action, Plaintiff names the State of Alaska, Department of Corrections ("DOC") as a Defendant. Under § 1983, Plaintiff cannot sue the State of Alaska or any of its governmental branches, agencies, divisions, offices, or departments, including the DOC. This is because they are not considered "persons" under § 1983.[32]

In order to properly bring a § 1983 claim, Plaintiff must name a permissible state actor defendant who caused him harm, indicate the capacity in which the defendant acted, and state a corresponding demand for relief. In addition to DOC, Plaintiff also names John Doe 1 and John Doe 2 as Defendants in this action. In a § 1983 suit, the "plaintiff may refer to unknown defendants as Defendant John Doe 1, John Doe 2, John Doe 3, and so on, but he must [also] allege specific facts showing how each particular Doe defendant violated his rights." However, it is necessary

---

[28] *West*, 487 U.S. at 49 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *see also Tongol v. Usery*, 601 F.2d 1091, 1097 (establishing that when state officials are administering a federal funded program, the state officials are still acting under the color of state law).

[29] *See* 42 U.S.C. § 1983; *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007); *see also Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc).

[30] *In re New York*, 256 U.S. 490, 497 (1921) (holding federal courts may not hear suits against a state brought by their own citizens, "because of the fundamental rule of which the [Eleventh] Amendment is but an exemplification."); *see also Hans v. Louisiana*, 134 U.S. 1, 15 (1890).

[31] *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)).

[32] *Id.*; *see also Hale*, 993 F.2d at 1398.

Screening Order 6
*Foy v. State of Alaska, et al.*
3:23-cv-00039-SLG-KFR
Case 3:23-cv-00039-SLG-KFR   Document 9   Filed 06/30/23   Page 6 of 16

that specific actions be attributed to each John Doe defendant so their identities can be uncovered through discovery and to identify their liability.

Claims under § 1983 must also demonstrate causation, or show how the alleged defendant, acting under color of state law, violated the plaintiff's federal rights. A person deprives another of a federal constitutional or statutory right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" There can be no liability under § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. The required causal connection "may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms."

Plaintiff Complaint fails to plead facts with sufficient specificity to both identify the John Doe defendants and to explain how they proximately caused harm to him. While Plaintiff does allege that by their inherent roles, John Doe Defendants were responsibly for his care while he was in Cell Block C, that they acted with deliberate indifference to his needs, and that such treatment was a "policy or custom," Plaintiff fails to meet the pleading requirements under § 1983 to specify how specifically each Defendant Doe harmed him.

Plaintiff states that both John Doe Defendants were citizens of Alaska, employed by the State of Alaska working for the Department of Corrections at Anchorage Correction Complex-East, and "responsible for the care of inmates housed in Booking Cell C."[33] Plaintiff further states that he was housed in Booking Cell C starting on or about February 25, 2021, for three days. Plaintiff goes on to list a number of complaints he has regarding his confinement, however, none of those

---

[33] Doc. 1 at 2-3.

complaints are readily attributed to Defendants John Doe 1 or John Doe 2. While Plaintiff states, for instance, that he "informed [his] jailers (John Doe 1 and John Doe 2) that [he] needed medical treatment as [his] feet were frostbitten[,]" he does not say how either John Doe specifically violated any of his constitutional rights. Instead, he says he "was refused medical treatment and left barefoot, in a filthy cell."[34]

Further, while Plaintiff states "[f]or those three days [he] was ignored by [his] jailers[,]" he does not state that his "jailers" remained the same Defendant John Does for three consecutive days. It is unclear to the Court which specific jailers, or John Does, Plaintiff alleges harmed him, or how specifically they harmed him. Rather, it appears Plaintiff faults "Defendants" in the plural, including the impermissible party – State of Alaska Department of Corrections, for his confinement, without providing the specific details required for suits under § 1983.

As previously stated, when a plaintiff accuses a John Doe defendant of a § 1983 violation, it is imperative that specific actions be attributed to each John Doe so their identities can be uncovered through discovery[35] and in order to identify their liability.[36] To sufficiently plead his claim against his unidentified jailers, Plaintiff must provide sufficient factual details to support the harm and legal violations alleged. This means that Plaintiff must sequentially explain the events that occurred, to the best of his recollection. Plaintiff must further link the actions by those he

---

[34] *Id.* at 3.
[35] *See generally Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (the plaintiff should be given an opportunity to identify John Doe defendants through discovery "unless it is clear that discovery would not uncover the identities").
[36] *Dempsey v. Schwarzenegger*, No. 09-cv-2921, 2010 U.S. Dist. LEXIS 144416 at *6, 2010 WL 1445460 at *2 (N.D. Cal. Apr. 9, 2010) ("A plaintiff may use Doe defendant designations to refer to defendants whose names are unknown; however, he must number them in the complaint, e.g., 'John Doe 1,' 'John Doe 2,' so that each numbered John Doe refers to a different specific person. Plaintiff must identify how each such named Defendant is liable for a constitutional violation.").

alleges violated his rights – even if those John Does cannot be specifically named - and how those actions resulted in injury or harm.

Finally, Plaintiff must indicate the capacity in which each defendant acted and state a corresponding demand for relief. In a § 1983 action, a defendant may be sued in either an individual or an official capacity. For a defendant to be individually liable under § 1983, that defendant must personally participate in an alleged rights deprivation.[37] "In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury."[38] A defendant sued in their individual capacity may be held liable for money damages.[39]

Alternatively, in a § 1983 action, a plaintiff may sue a defendant in an official capacity as an alternate way of pleading a claim against the governmental entity for which that individual is an officer or employee.[40] A plaintiff suing a defendant in their official capacity is not required to allege the "named official's personal involvement in the acts or omissions constituting the alleged constitutional violation."[41] Instead, a plaintiff must only (1) "identify the law or policy challenged" and (2) "name the official within the entity who can appropriately respond to injunctive relief."[42] However, a defendant sued in their official capacity may not be sued for damages, only for injunctive relief.[43]

Plaintiff's Complaint fails to allege sufficiently each of the required elements of a § 1983 claim. As detailed below, Plaintiff appears to allege harms he suffered, and identifies three potential defendants, one of whom is not a proper defendant under § 1983. Furthermore, Plaintiff does not state how those defendants

---

[37] *Avalos v. Baca*, 596 F.3d 583, 587 (9th Cir. 2010).
[38] *Harper v. City of Los Angeles,* 533 F.3d 1010, 1026 (9th Cir. 2008).
[39] *See Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016).
[40] *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *see also Hafer v. Melo*, 502 U.S. 21, 27 (1991).
[41] *Hartmann v. Cal. Dep't of Corr. & Rehab*., 707 F.3d 1114, 1127 (9th Cir. 2013).
[42] *Id.*
[43] *See Will*, 491 U.S. at 71 n.10.

Screening Order
*Foy v. State of Alaska, et al.*
3:23-cv-00039-SLG-KFR
9
Case 3:23-cv-00039-SLG-KFR   Document 9   Filed 06/30/23   Page 9 of 16

proximately caused his injuries; that is, how those defendants are connected to the harms he claims to have suffered. Plaintiff's Complaint, as best the Court can understand it, fails to provide even the minimal detail required for claims under § 1983 to provide the necessary link between the defendants and the harms alleged and relief requested.[44]

### B. Pleadings Requirements for Fourteenth Amendment Claims

#### i. Denial of Medical Care Claim

Individuals in state custody have a constitutional right to certain conditions of confinement, including adequate medical treatment.[45] For inmates serving custodial sentences following a criminal conviction, that right is part of the Eighth Amendment's guarantee against cruel and unusual punishment.[46] However, pre-trial detainees have not yet been convicted of a crime, so their rights arise under the Fourteenth Amendment's Due Process Clause.[47] Since Plaintiff's Complaint is difficult to parse, the Court offers the following guidance generally for pleadings claims arising under the Fourteenth Amendment, by virtue of his pre-trial confinement, that Plaintiff may be attempting to raise.

A pre-trial detainee has the right to needed medical care while in custody under the Fourteenth Amendment. In order to prove a denial of needed medical care under the Fourteenth Amendment, a plaintiff must show (1) each defendant made an intentional decision with respect to the denial of needed medical care; (2) the denial of needed medical care put the plaintiff at substantial risk of suffering serious harm; (3) the defendants did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the

---

[44] Additionally, Plaintiff's Complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2) that identifies defendants that are eligible for suit under § 1983.
[45] *See Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976).
[46] *Id.*
[47] *Bell v. Wolfish*, 441 U.S. 520, 535–36, 335 n.16, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); *see also Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 667 (9th Cir. 2021).

high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendants caused the plaintiff's injuries.[48] The right to sufficient medical case includes a pre-trial detainee's right "to direct-view safety checks sufficient to determine whether their presentation indicates the need for medical treatment."[49]

In his Complaint, Plaintiff alleges he suffered frostbite, and that he was denied medical care for his frostbitten feet for three days, forcing him to "soak them as best I could in the filthy sink and to pick out the dead tissue with my fingernails."[50] This description of Plaintiff's alleged injuries is insufficient, and Plaintiff fails to meet the elements of a properly pled claim. Plaintiff's Complaint does not sufficiently state how each Defendant specifically and intentionally acted to deny him medical care, what medical care he required but was denied, what serious risk he faced as a result, what "reasonable available measures" each Defendant did not take to abate that risk, and what his ultimate injury was. Instead, Plaintiff merely asserts that he "was denied early treatment and lost the chance of early treatment and cure" without specifying what that early treatment or cure may have been.[51] Likewise, Plaintiff states that "[s]aid losses or harm were and are permanent and ongoing in nature," and that he "lost wages [and] suffered emotional upset"[52] without specifying what those ultimate loses or harm are.

Plainly stated, to sufficiently plead the elements of denial of medical care under the Fourteenth Amendment, Plaintiff must specify how each defendant acted, intentionally, to deny him medical care, what medical care he was denied, what substantial risk of suffering serious harm he faced because of the denial of medical care, what "reasonable available measures" each defendants did not take to abate

---

[48] *See Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018); *see also Sandoval*, 985 F.3d at 657.
[49] *Gordon*, 6 F.4th at 973.
[50] Doc. 1 at 4.
[51] *Id.* at 5.
[52] *Id.* at 6-7.

Screening Order 11
*Foy v. State of Alaska, et al.*
3:23-cv-00039-SLG-KFR
Case 3:23-cv-00039-SLG-KFR Document 9 Filed 06/30/23 Page 11 of 16

that risk, and what ultimate injury Plaintiff suffered as a result. Plaintiff's Complaint – even when liberally construed - does not meet that standard.

### ii. Elements of Conditions of Confinement Claim

To state a claim for unconstitutional conditions of confinement, a plaintiff must plead facts that (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) the conditions were not necessary to serve the penological interest related to the confinement of the pretrial detainee or the conditions were excessive as to the particular penological purpose; (3) the conditions were objectively dehumanizing, uncivil, or unsanitary; and (4) the defendant did not take reasonable steps to alleviate or remedy the conditions.[53]

The "'mere lack of due care by a state official' does not deprive an individual of life, liberty, or property under the Fourteenth Amendment."[54] Thus, the plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard."[55] Courts have held "that [inmates] may not be deprived of their basic human needs—*e.g.,* food, clothing, shelter, medical care, and reasonable safety—and they may not be exposed to conditions that pose an unreasonable risk of serious damage to [their] future health."[56]

Further, "conditions of confinement may be aggregated to rise to the level of a constitutional violation, but 'only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise.'"[57] Unsanitary conditions, especially when coupled with other mutually

---

[53] *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1068-71 (9th Cir. 2016); *see also Gordon*, 888 F.3d at 1125.
[54] *Id.* (quoting *Daniels*, 474 U.S. at 330-31).
[55] *Id.*; *see also Gordon*, 888 F.3d at 1124-25.
[56] *Jabbar v. Fischer*, 683 F.3d 54, 57 (2d Cir. 2012) (citation and internal quotation marks omitted).
[57] *Walker*, 717 F.3d 119, 125 (2d Cir. 2013) (quoting *Wilson v. Seiter*, 501 U.S. 294, 304 (1991)).

Screening Order 12
*Foy v. State of Alaska, et al.*
3:23-cv-00039-SLG-KFR
Case 3:23-cv-00039-SLG-KFR Document 9 Filed 06/30/23 Page 12 of 16

enforcing conditions, such as poor ventilation and lack of hygienic items (in particular, toilet paper), can rise to the level of an objective deprivation.[58]

Plaintiff alleges that Defendants subjected him to "torturous conditions, including sleep deprivation and hunger, and placed [him] in a cell for three days without a working toilet and disgustingly unhygienic conditions."[59] Plaintiff further claims he was not given toilet paper or soap so he had to "defecate on the floor and wipe [himself] with [his] underwear," he was only given cold meals, and he was pepper sprayed.[60] Additionally, Plaintiff claims he was denied medical care for his frostbitten feet for three days, forcing him to "soak them as best I could in the filthy sink and to pick out the dead tissue with my fingernails."[61]

Liberally construed, Plaintiff alleges facts that if proven would support the third element of this claim, that the conditions he was exposed to at Anchorage Correctional Complex-East were objectively dehumanizing, uncivil, or unsanitary for Fourteenth Amendment purposes. However, Plaintiff's Complaint fails to meet the remaining elements, i.e. (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) the conditions were not necessary to serve the penological interest related to the confinement of the pretrial detainee or the conditions were excessive as to the particular penological purpose; and (4) the defendant did not take reasonable steps to alleviate or remedy the conditions.[62]

As with his general claims under § 1983 and specific medical care claims under the Fourteenth Amendment, Plaintiff must state with greater specificity the identity and roles of each John Doe in this case. Further, Plaintiff must specify what the

---

[58] *See id.* at 127–28 (collecting cases); *see also Darnell v. Pineiro*, 849 F.3d 17, 30 (C.A.2, 2017).
[59] Doc. 1 at 5.
[60] *Id.* at 2-5.
[61] *Id.* at 4.
[62] *Castro*, 833 F.3d at 1068–71; *see also Gordon*, 888 F.3d at 1125; *McGilbra v. Washoe Cnty.*, 2022 WL 19406896, at *3 (D. Nev., 2022).

Screening Order 13
*Foy v. State of Alaska, et al.*
3:23-cv-00039-SLG-KFR

intentional decision each defendant made with respect to the conditions under which he was confined; how the conditions were not necessary to serve the penological interest related to his confinement or the conditions were excessive as to the particular penological purpose; and what reasonable steps Defendants could have, but did not take, to alleviate or remedy the conditions.[63]

## CONCLUSION

As currently pled, Plaintiff fails to meet the pleading requirements under § 1983 and therefore fails to state a claim upon which relief may be granted. Plaintiff may offer some facts in his Complaint that, upon amendment in accordance with the directions in this Order, may rise to sufficiently meet the elements of potential claims under § 1983 and the Fourteenth Amendment. However, as currently pled, Plaintiffs claims fail to meet those pleading requirements. Therefore, the Court dismisses Plaintiff's Complaint but grants him leave to amend.

**IT IS THEREFORE ORDERED:**

1. This action is **DISMISSED WITH LEAVE TO AMEND** for failing to state a claim upon which relief may be granted.
2. All pending motions are **DENIED AS MOOT**.
3. Plaintiff has until **July 31, 2023,** to file one of the following:
   a. <u>Amended Complaint</u>, in which Plaintiff would resubmit his claims to the Court after correcting the deficiencies in accordance with this order. An amended complaint would replace the current complaint in its entirety.[64]
   b. <u>Notice of Voluntary Dismissal</u>, which would inform the Court that Plaintiff no longer wishes to pursue his lawsuit and would dismiss the entire action.

---

[63] *Id.*

[64] *See* Fed. R. Civ. P. 15 and Local Civil Rule 15.1.

4. Any amended complaint should be on this Court's form, which is being provided to Plaintiff with this Order. An amended complaint will replace the prior complaint in its entirety.[65] Plaintiff must include all of the claims he seeks to bring in an amended complaint. Any claims not included in the amended complaint will be considered waived.

5. If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court form by **July 31, 2023,** this case could be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B). A dismissal in this manner will count as a "strike" against Plaintiff under § 1915(g).[66]

6. At all times, Plaintiff must keep the Court informed of any change of address. Such notice shall be titled "NOTICE OF CHANGE OF ADDRESS." This notice must not include any requests for any other relief, and it must be served on all Defendants or Defendant's attorney who make an appearance in this case. Failure to file a notice of change of address may result in the dismissal of this case under Rule 41(b) of the Federal Rules of Civil Procedure.

7. The Clerk of Court is directed to send Plaintiff the following forms with this Order: (1) form PS15, with "FIRST AMENDED" written above the title "Prisoner's

---

[65] *See* Local Civil Rule 15.1. Plaintiff should make no reference to the initial Complaint or other documents. The Court cannot refer to a previous pleading in order to make an amended complaint complete. That is, any defendant not named or claim not re-alleged is generally waived. *But see Lacey v. Maricopa County*, 693 F.3d 896, 925-28 (9th Cir. 2012) ("For claims dismissed *with prejudice and without leave to amend*, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.") (emphasis added). An amended complaint must be complete in itself without reference to any prior pleading. This is because an amended complaint supersedes (takes the place of) an original complaint. *See* L.Civ.R. 15.1(a) ("amended pleading must not incorporate by reference any prior pleading, including exhibits"); *see also Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) ("It is well-established that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (citations omitted).

[66] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."

Screening Order 15
*Foy v. State of Alaska, et al.*
3:23-cv-00039-SLG-KFR
Case 3:23-cv-00039-SLG-KFR   Document 9   Filed 06/30/23   Page 15 of 16

Complaint for Violation of Civil Rights" Under the Civil Rights Act 42 U.S.C. § 1983; (2) form PS11, Application to Waive the Filing Fee; (3) form PS09, Notice of Voluntary Dismissal; (4) form PS23, Notice of Change of Address; and (5) the District Court's handbook, "REPRESENTING YOURSELF IN ALASKA'S FEDERAL COURT."

DATED this 30th day of June, 2023 at Anchorage, Alaska.

*s/ Kyle F. Reardon*
KYLE F. REARDON
United States Magistrate Judge
District of Alaska