IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

MATTHEW FOY,

                Plaintiff,

            v.

STATE OF ALASKA, DEPARTMENT OF CORRECTIONS, *et al.*,

                Defendants.

Case No. 3:23-cv-00039-SLG-KFR

**REPORT AND RECOMMENDATION TO DISMISS FOR FAILURE TO PROSECUTE**

**I.    BACKGROUND**

On February 23, 2023, Plaintiff Matthew Foy, a self-represented prisoner, filed a Complaint pursuant to 42 U.S.C. § 1983 ("Complaint"), as well as a Civil Cover Sheet.[1]

On June 30, 2023, this Court issued a Screening Order finding that Plaintiff's Complaint was deficient but granting Plaintiff leave to file an Amended Complaint.[2] The Court directed Plaintiff to file either an Amended Complaint or a Notice of Voluntary Dismissal by July 31, 2023.[3] The Court cautioned Plaintiff that failure to prosecute his case in accordance with these deadlines could result in his case being dismissed, and that "[a] dismissal in this manner w[ould] count as a 'strike' against Plaintiff under [28 U.S.C.] § 1915(g)."[4]

Plaintiff moved for three extensions of time to file an Amended Complaint, each of which the Court granted.[5] In granting Plaintiff's last motion for an extension

---

[1] Docs. 1; 2.
[2] Doc. 9.
[3] *Id.* at 14–15.
[4] *Id.* at 15.
[5] Docs. 10; 11; 12; 13; 15; 16.

of time, the Court set a new deadline of March 4, 2024, for Plaintiff to file an Amended Complaint.[6]  As of the date of this Report and Recommendation, Plaintiff had not filed an Amended Complaint or a Voluntary Notice of Dismissal.[7]

## II. DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure permits dismissal due to a plaintiff's failure to prosecute or comply with a court order.  In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."[8]

Here, the first two factors — the public's interest in expeditious resolution of litigation and the Court's need to manage its docket — weigh in favor of dismissal. Plaintiff's failure to file an Amended Complaint or Notice of Voluntary Dismissal within the specified timeline suggests Plaintiff does not intend to litigate this action diligently.[9]  Further, a presumption of prejudice to a defendant arises when the plaintiff unreasonably delays prosecution of an action.[10]  Because Plaintiff has not offered any justifiable reason for failing to meet the Court's deadline, the third factor also favors dismissal.[11]

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits.[12]  However, "this factor lends little support to a

---

[6] Doc. 16.
[7] *Id.*
[8] *Hernandez v. City of El Monte,* 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir. 1986)).
[9] *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (holding that a plaintiff has the burden "to move toward . . . disposition at a reasonable pace, and to refrain from dilatory and evasive tactics").
[10] *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).
[11] *See Hernandez,* 138 F.3d at 401 (reiterating that the burden of production shifts to the defendant to show at least some actual prejudice only after the plaintiff has given a non-frivolous excuse for delay).
[12] *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).

R&R to Dismiss for Failure to Prosecute
*Foy v. State of Alaska, Dep't of Corr., et al.*
3:23-cv-00039-SLG-KFR
2
Case 3:23-cv-00039-SLG-KFR   Document 17   Filed 03/21/24   Page 2 of 4

party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction,"[13] which is the case here.

The fifth factor is comprised of three subparts, which include "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions."[14] The Court cannot move this case toward disposition without Plaintiff's compliance with Court orders or participation in this litigation. Furthermore, the Court's Screening Order gave Plaintiff an opportunity to amend his Complaint and warned him of the potential dismissal of this action in the event of noncompliance.[15]

Based on the foregoing, this case must be dismissed. Although the Court warned Plaintiff that failure to prosecute his case could lead to dismissal with prejudice, dismissal without prejudice is a less drastic alternative and is appropriate here. Dismissal without prejudice "minimizes prejudice to a defendant and preserves a plaintiff's ability to seek relief."[16] The Court finds no other lesser sanction to be satisfactory or effective at this juncture. Accordingly, the Court recommends dismissal without prejudice for failure to prosecute.

Pursuant to 28 U.S.C. § 1915(g) and *Lomax v. Ortiz-Marquez*,[17] this dismissal will count as a "strike" against Plaintiff. After three strikes, Plaintiff will be unable to file lawsuits without paying the filing fee, unless he demonstrates that he is in

---

[13] *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citing *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)).
[14] *Conn. Gen. Life Ins. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).
[15] Doc. 9 at 14–15.
[16] *See, e.g., Henderson*, 779 F.2d at 1424 (a district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives) (internal citation omitted); *see also Adriana Int'l Corp. v. Thoeren,* 913 F.2d 1406, 1412 (9th Cir. 1990) (explaining despite all the elaboration of factors, it is not always necessary for the court to impose less serious sanctions first, or to give any explicit warning); *Gleason v. World Sav. Bank, FSB*, No. 12–cv–03598–JST, 2013 WL 3927799, at *2 (N.D. Cal. July 26, 2013) (finding dismissal under Rule 41(b) appropriate where the court previously attempted the lesser sanction of issuing an order to show cause and giving the plaintiff an additional opportunity to replead); *Alli v. City & County of San Francisco*, No. 21-cv-02193-TSH, 2022 WL 3099222 (N.D. Cal. 2022) (internal citations omitted).
[17] 590 U.S. ___, 140 S. Ct. 172 (2020).

R&R to Dismiss for Failure to Prosecute 3
*Foy v. State of Alaska, Dep't of Corr., et al.*
3:23-cv-00039-SLG-KFR
Case 3:23-cv-00039-SLG-KFR   Document 17   Filed 03/21/24   Page 3 of 4

"imminent danger of serious physical injury."[18]   The Court cautions Plaintiff as to his strike status.

**IT IS THEREFORE RECOMMENDED:**

1. This action should be **DISMISSED WITHOUT PREJUDICE**.
2. All pending motions should be **DENIED AS MOOT**.
3. This dismissal should be a **STRIKE** under 28 U.S.C. § 1915(g).
4. The Clerk of Court should issue a final judgment.

DATED this 21st day of March, 2024, at Anchorage, Alaska.

*s/ Kyle F. Reardon*
KYLE F. REARDON
United States Magistrate Judge
District of Alaska

**NOTICE OF RIGHT TO OBJECT**

Under 28 U.S.C. § 636(b)(1), a district court may designate a magistrate judge to hear and determine matters pending before the Court.  For dispositive matters, a magistrate judge reports findings of fact and provides recommendations to the presiding district court judge.[19]  A district court judge may accept, reject, or modify, in whole or in part, the magistrate judge's order.[20]

A party may file written objections to the magistrate judge's order within 14 fourteen days.[21]  Objections and responses are limited to five (5) pages in length and should not merely reargue positions previously presented.  Rather, objections and responses should specifically identify the findings or recommendations objected to, the basis of the objection, and any legal authority in support.  Reports and recommendations are not appealable orders.  Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment.[22]

---

[18] 28 U.S.C. § 1915(g).
[19] *Id.* § 636(b)(1)(B).
[20] *Id.* § 636(b)(1)(C).
[21] *Id.*
[22] *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).

R&R to Dismiss for Failure to Prosecute
*Foy v. State of Alaska, Dep't of Corr., et al.*
3:23-cv-00039-SLG-KFR
4

Case 3:23-cv-00039-SLG-KFR   Document 17   Filed 03/21/24   Page 4 of 4